**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (State Bar No. 29096)
102 Half Moon Bay Drive
Croton-on Hudson, New York 10520
Telephone: (917) 983-9321
E-mail: lfeldman@4-justice.com
         eservice@4-justice.com

**GEORGE FELDMAN MCDONALD, PLLC**
Michael Liskow (*pro hac vice forthcoming*)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (561) 232-6002
Facsimile: (888) 421-4173
E-mail: mliskow@4-justice.com
         eservice@4-justice.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUMEET K. SRIVASTAVA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>AMAZON.COM, INC., a Delaware Corporation,<br><br>    Defendant. | Case No. 23-1545<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff Sumeet K. Srivastava ("Plaintiff") brings this action on behalf of himself individually and on behalf of the putative classes (the "Classes," described further herein), against Defendant Amazon.com, Inc. ("Amazon") for its practice of failing to refund its customers for purchases that were returned to Amazon or Amazon's designated return locations.

## NATURE OF THE ACTION

1.      This action arises from Amazon's unlawful retention of monies due to its customers who followed Amazon's returns policies by timely returning purchases directly to Amazon, or to locations designated by Amazon to return such purchases ("Designated Locations"), but then were not refunded, or were re-charged for their purchases, by Amazon.

2.      As detailed herein, countless Amazon customers have been fleeced by Amazon when they timely returned their purchases to Amazon or its Designated Locations, received notifications from Amazon and/or its affiliates that the purchases had been timely returned to Amazon or a Designated Location, but then were later re-charged by Amazon for the purchases (or never provided a refund at all) because Amazon incorrectly claimed that the purchases had not been timely returned.

3.      Many of Amazon's customers in this predicament are likely unaware that they have been re-charged, or never refunded, for purchases they timely returned.  This is because, among other reasons, such customers would have no reason to check whether they were denied a refund, or re-charged, due to failing to timely return their purchases because they *did* timely return the purchases. Moreover, the primary manner by which Amazon notifies its customers of such re-charge, or denial of refund, is through just one of a torrent of emails Amazon sends its customers (many of which cannot be opted out from), often causing this important notification to be overlooked.

4.      For Amazon customers who are fortunate enough to learn that they have inexplicably been re-charged or denied refunds for returns Amazon or its affiliates had previously confirmed had been timely received, these customers are then forced to spend significant time haggling with

Amazon's customer service in order to have the refund re-processed.  And even after completing this process, some customers are still re-charged *again*, apparently due to Amazon's systems still failing to recognize when a purchase has been timely returned.

5.      Amazon has been aware of this issue for years due to, at a minimum, numerous customer complaints that have been made directly to Amazon.  Amazon's awareness is further demonstrated by the fact that it attempts to rebut questions on its website's FAQ regarding improperly re-charged, or unrefunded, purchases by informing customers that if they return a purchase and then subsequently receive an email from Amazon asking the customer to return the purchase, or telling the customer they would be re-charged for the purchase, the charge would purportedly "be reversed as soon as the return is processed by us."[1]

6.      Amazon has a responsibility to prevent its customers from being wrongfully denied refunds, or re-charged, for purchases timely returned under Amazon's Returns Policies, which state that customers can return most items sold or fulfilled by Amazon within 30 days for a full refund.[2] Amazon's failure to fulfill this responsibility has cost, and will continue to cost, countless Amazon customers, including Plaintiff and the members of the Classes, time and money that must be compensated by Amazon.

## **PARTIES**

7.      Plaintiff Dr. Sumeet K. Srivastava is a citizen of California and lives in Corona del Mar, California.

---

[1] https://www.amazon.com/gp/help/customer/display.html?nodeId=%20GKM69DUUYKQWKWX7 (last visited Oct. 5, 2023).

[2] *See* Amazon Returns Policies ("Returns Policies"), https://www.amazon.com/gp/help/customer/display.html?nodeId= GKM69DUUYKQWKWX7 (last visited Oct. 5, 2023).

8.      Amazon.com, Inc. is a Delaware corporation with principal executive offices located at 410 Terry Avenue North, Seattle, Washington 98109.

### JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"), because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and more than two-thirds of the members of each of the Classes reside in states other than the state in which Amazon is a citizen and in which this case was filed, and therefore any exemptions to jurisdiction under 28 U.S.C. §1332(d)(2) do not apply.

10.     This Court has personal jurisdiction over Amazon because Amazon is headquartered in this State.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Amazon's principal place of business is located in this District.  Venue is also proper pursuant to 28 U.S.C. §1391 because Plaintiff suffered injury as a result of Amazon's acts in this District, many of the acts and transactions giving rise to this action occurred in this district, and Amazon conduct substantial business in this District where it is headquartered.

12.     Amazon's Conditions of Use[3] also provide that any dispute related to the use of Amazon services must be adjudicated exclusively in the state or Federal courts of King County, Washington, which is located in this District.

### STATEMENT OF FACTS

13.     In 2023, Amazon has become a ubiquitous feature in American life, with its delivery vans emblazoned with its logo sometimes seeming to make up the majority of traffic on the roads. Founded in 1994 as an online marketplace for books, Amazon has become one of the largest

---

[3] Available at https://www.amazon.com/gp/help/customer/display.html?nodeId=GLSBYFE9MGKKQXXM (last visited Oct. 5, 2023).

corporations in the world in large part due to its ability to deliver many goods to customers within two days.

14.     As part of Amazon's goal to "make buying online as easy as possible," it offers "free, convenient returns on most items delivered in the U.S."[4]  Amazon trumpets this service as allowing customers to "buy with confidence knowing Amazon has great selection, fast shipping, low prices, and *easy, hassle-free returns*."[5]

15.     In recent years, Amazon has begun allowing customers to return certain products for free in person to stores it owns, including Amazon Fresh, Amazon Go, Amazon Style and Whole Foods Markets.[6]  Amazon also directs customers to various "Designated Locations" where they can return purchases under the Returns Policies, including retailers Amazon has affiliated with including Kohl's and Staples, as well as UPS where purchases can be dropped off at UPS stores and various other deposit points.[7]  Amazon offers other ways for customers to return their purchases, sometimes without a charge, including by mailing the purchases back to Amazon, or by depositing returns in "Amazon Lockers" in various locations.[8]

16.     In some instances when a customer elects to drop off a return at an Amazon-owned store or other Designated Location, the customer is given the option to obtain, or is automatically provided, an "Instant Refund" whereby Amazon credits the customer's selected method of payment

---

[4] https://www.aboutamazon.com/news/operations/free-returns-with-no-box-tape-or-label-needed (last visited Oct. 5, 2023).

[5] *Id.* (emphasis added).

[6] *Id.*

[7] *Id.*

[8] *See* https://www.amazon.com/gp/help/customer/display.html/ref=s9_acss_bw_cg_rtrnlp_md2_w?nodeId=202075130&pf_rm=ATVPDKIKX0DER&pf_rd_s=merchandised-search-3&pf_rd_r=B4Z8T2QAYD78165VTBT1&pf_rd_t=101&pf_rd_p=16e7c54b-6dad-449d-9c5d-44d8cd448575&pf_rd_i=18726306011 (last visited Oct. 5, 2023).

1   when the return is received by Amazon or its affiliates.[9]  According to Amazon, the instant refund

2   will be withdrawn, and the customer re-charged for the purchase, if the purchase is not timely

3   returned.[10]

4       17.    If an Amazon customer elects to receive, or is provided with, an instant refund for

5   their returned purchase, the refund is processed as soon as the customer drops off the purchase with

6

7   Amazon, or at a Designated Location.

8       18.    When an Amazon customer opts to drop off a return in person at an Amazon-owned

9   store or Designated Location, the customer receives a notification from Amazon and/or its affiliate

10  confirming receipt of the return.  This notification can be in the form of an email like the following:

11

12  

13

14

15

16

17      19.    Customers can also be informed that a purchase was returned to Amazon or a

18  Designated Location through a notification on the customer's Amazon account that the "Return is in

19  Transit" and the Refund has been granted.  Plaintiff received this notice:

20

21

22

23

24

25

26

27  [9] *See* https://www.amazon.com/gp/help/customer/display.html/?nodeId=GKQNFKFK5CF3C54B (last visited Oct. 5, 2023).

28  [10] *See id.*

1
2
3
4
5
6



7    20.    Importantly, at the point in time that the customer completes timely drop off a

8  returned purchase with Amazon or at a Designated Location, as required by the Return Policies in

9  order to receive a refund, it is then Amazon's responsibility to make sure the purchase reaches one

10  of its own return processing centers.

11    21.    Amazon sends its customers a slew of emails regarding almost every aspect of their

12  purchases including, *inter alia*, notifications of when a purchase is made, when it is shipped and

13  when it is delivered.  Upon information and belief there is no way for Amazon's customers to opt-

14  out of receiving these emails.[11]  Emails are also sent when a purchase is returned to Amazon and a

15  refund is provided, as discussed *supra*.

16

17    22.    In this blizzard of emails from Amazon (likely only a small portion of the flood of

18  unsolicited emails received by the average consumer), a typical Amazon customer could easily

19  overlook, or misapprehend, an email from Amazon inexplicably informing the customer that they

20  (a) purportedly did not return purchases that Amazon and/or its affiliates previously confirmed had

21  been timely received; and therefore (b) the customer would have their refund retracted and be re-

22

23

24

25

26

27

28

---

[11] It has recently been reported that Amazon will soon allow its merchants to send marketing emails directly to Amazon users, which will only increase the deluge of Amazon-related emails its customers will need to monitor.  *See* https://www.retaildive.com/news/amazon-email-marketing-merchants-ecommerce/632026/ (last visited Oct. 5, 2023).

charged, or would not receive the refund in the first place, for purchases the customer returned pursuant to Amazon's Returns Policies.[12]  The following is an example of such email:



23.     Amazon customers sufficiently hawk-eyed to notice and comprehend this inherently confusing notification, and who also had the time and energy to follow up with Amazon regarding its error, would often begin a Kafkaesque journey through Amazon's customer service department.[13]

---

[12] For the avoidance of doubt, Plaintiff's claims do not implicate questions of whether a returned purchase satisfied any of Amazon's Returns Policies' conditions for that purchase apart from being timely returned to Amazon or a Designated Location.  Plaintiff did not receive any notification from Amazon that the refund at issue was being rescinded for any reason other than Plaintiff purportedly having failed to timely return the purchase to Amazon or its affiliates.  Plaintiff's claims only involve customers who (1) timely returned a purchase to Amazon or a Designated Location; (2) were notified by Amazon and/or its affiliates that the return was timely received; and (3) were subsequently notified by Amazon that the customer would be re-charged for the purchase, or not provided a refund in the first instance, for the sole reason that the purchase was purportedly not timely returned to Amazon or a Designated Location.

[13] *See, e.g,*
https://www.reddit.com/r/amazonprime/comments/p3eiuu/returns_made_at_whole_foods_not_bein
g_returned_to/ (last visited Oct. 5, 2023) ("I returned 2 items from 2 separate orders on one return code that was provided by Amazon at Whole Foods back in June.  Today, they've emailed me to say I'm being RECHARGED because they didn't get the return.  I have the email stating they accepted the return in store and the app shows they were returned.  I called, explained the situation and was told the matter was being escalated to another department.  Then about a half hour later I get an email from customer service saying they can't issue a refund because they don't have the items.  WELL I DON'T HAVE THEM!!  Not sure what my next steps should be.");
https://www.theinternetpatrol.com/what-to-do-if-amazon-says-that-they-never-received-your-amazon-return/ (last visited Oct. 5, 2023) ("I have this problem constantly with Amazon.  What I've found out is that you can't just check your "Order Details", page, but have to check your "Returns Center", page, which isn't easy to get to unless you know how.  Also, I have found that there is a disconnect between the Returns Department and the Returns Warehouse.  Some items with show "Return Requested", "Return in transit", and so forth, but when I check the "Track Package" option on the "Returns Center" page, it would show that the item was delivered to the

Some customers who were told that the issue would be corrected, and a refund provided, were later re-charged again for the same return, never received the refund promised, or both.

24.     Upon information and belief, Plaintiff and the members of the Classes have been re-charged for their timely returned purchases by Amazon, or denied the refund they were entitled to, due to, *inter alia*, Amazon's failure to coordinate various departments and systems in order to recognize customers' timely returns to Amazon or to Designated Locations, and consequently process refunds due such customers.

25.     Amazon has been well aware of this issue for some time in light of, *inter alia*, the numerous reports online of the issue affecting Amazon's customers.[14]

26.     Moreover, the issue appears to occur with such frequency that Amazon has chosen to specifically address it in its "Returns Policies" FAQ, where Amazon warns that "[i]f [an] item has already been sent back to us and you have received an email asking you return it or have been charged for item, we will reverse the charge as soon as the return is processed by us."[15]  This gives customers a false sense of security that their returns will eventually be processed, dissuading them from following up to notify Amazon that it is in error regarding its claim that the purchase had not been timely returned to Amazon or a Designation Location.

27.     Amazon is also aware that its customers are not easily able to determine the status of their returns, as reflected by the following questions Amazon asked a customer following the customer's submission of a request to return a product in September 2023:

---

warehouse weeks or even months ago, but Amazon would still try to charge me for the item like it was never received.  The Returns Center is indisputable proof and they end up refunding me the chargeback.  This has been going on for at least a year.").

[14] *See supra*, note 13.

[15] https://www.amazon.com/gp/help/customer/display.html?nodeId=%20GKM69DUUYKQWKWX7 (last visited Oct. 5, 2023).

**Please help us improve your return experience by answering 4 questions.**
**(1/4) Do you check your return status for every return or for only those where you did not receive refund?**

[ For every return ]   [ For specific return ]

**(2/4) Where would you look to check the status of your return?**
○ On my Account & Lists page
○ I would contact Customer Service
○ On the Help page
○ On my Returns & Orders page
○ I would check the emails I have received from Amazon

[ Previous ]   [ Next ]

**(3/4) Were you able to easily locate the page to know your return status?**
○ Yes
○ No

[ Previous ]   [ Next ]

28.    Amazon's return process, and its representations concerning that process, are uniform for all members of the Classes.

**Facts Specific to Plaintiff**

29.    Plaintiff purchased a Skidee Kick Scooter for Kids ("Scooter") from Amazon on July 6, 2022, for $58.67.  Plaintiff purchased the Scooter with Amazon Gift Card funds.

30.    On or around July 15, 2022, Plaintiff sought and received authorization from Amazon to return the Scooter to a UPS Store.  On July 16, 2022, Plaintiff returned the Scooter to the UPS Store at 3334 E Coast Hwy, Corona Del Mar, California.  After returning the Scooter, Plaintiff received the following confirmation that the Scooter had been received by UPS:

31.     At the time of Plaintiff's return of the Scooter to the UPS Store, or soon after, Plaintiff was provided an "Instant Refund" from Amazon for the Scooter, including all taxes.

32.     Despite Plaintiff having returned the Scooter to Amazon via UPS, and despite having received confirmation of his return, Amazon later incorrectly informed Plaintiff that it did *not* receive the Scooter and that Plaintiff would be re-charged for it.

33.     This led Plaintiff to contact Amazon to reiterate that Plaintiff had met his obligation to return the Scooter to the UPS Store, as Amazon requested and permitted, and that Plaintiff was therefore entitled to the refund.  Despite this, Amazon still refused to provide the refund.

34.     Upon information and belief, Plaintiff later received another email from Amazon stating that because he purportedly had not timely returned the Scooter, Amazon was now re-charging Plaintiff for the Scooter.

35.     Then, on September 4, 2022, Plaintiff's credit card was charged for the Scooter despite Plaintiff having purchased the Scooter with his Amazon Gift Card funds.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff seeks to represent the following class and subclass pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and/or 23(b)(3):

**Nationwide Class**:  All persons in the United States who (1) timely returned a purchase to Amazon or a Designated Location; (2) were provided confirmation from Amazon and/or its affiliates that the returned purchase was timely received; and (3) were either provided a refund by Amazon for the purchase and then were later re-charged by Amazon, or were never provided a refund, solely on the ground that Amazon and/or its affiliates had purportedly not timely received the returned purchase.

**Nationwide Amazon Drop-Off Subclass**: All persons in the United States who (1) timely returned a purchase in person to Amazon or a Designated Location; (2) were provided confirmation from Amazon and/or its affiliates that the returned purchase was timely received; and (3) were either provided a refund by Amazon for the purchase and then were later re-charged by Amazon, or were never provided a refund, solely on the ground that Amazon and/or its affiliates had purportedly not timely received the returned purchase.

37.     Excluded from the Nationwide Class and the Nationwide Amazon Drop-Off Subclass (collectively the "Classes") are the following individuals and/or entities: Amazon and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Amazon has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

38.     Plaintiff reserves the right to modify the class definition, including by using additional subclasses, as appropriate based on further investigation and discovery obtained in the case.

39.     **Numerosity**: Members of the putative Classes are so numerous that their individual joinder herein is impracticable. On information and belief, members of both the Nationwide Class and the Nationwide Amazon Drop-Off Subclass each number in the tens of thousands. The precise number of members of the Classes and their identities are unknown at this time but may be determined through discovery, including from Amazon's records.

40.     **Ascertainability**: Putative members of the Classes can be readily identified by Amazon's records, and the records of Amazon's affiliates, because, among other reasons, each member of the Classes would have been provided a notification by Amazon and/or its affiliates confirming that a returned purchase had been timely received by Amazon and/or its affiliates, and then a subsequent incorrect and entirely contradictory notification from Amazon claiming that the purchase was not in fact timely received, after which Amazon would have re-charged the member of the Classes for the returned purchase solely on the basis of the purported failure to return the

purchase.  Members of the Classes may be notified of the pendency of this action by mail and/or publication through the distribution records of Amazon.

41.  **Commonality**:  Common questions of law and fact exist as to all members of the Classes that predominate over any issues affecting only individual members of the Classes.  These questions of law and fact include, *inter alia*:

a.  Whether Amazon violated the Washington Consumer Protection Act ("WCPA") through its actions alleged herein;

b.  Whether Amazon entered into an agreement with Plaintiff and the Classes to provide a refund whenever a product was timely returned to Amazon or its affiliates and otherwise met the Returns Policies' conditions for the return;

c.  Whether Amazon breached the agreement with Plaintiff and the Classes;

d.  Whether Amazon is liable for conversion;

e.  Whether Amazon is liable for money had and received;

f.  Whether Amazon is liable for unjust enrichment; and

g.  Whether Plaintiff and the Classes are entitled to an award of reasonable attorneys' fees, interest and costs of suit.

42.  **Typicality**:  The claims of the named Plaintiff are typical of the claims of the putative members of the Classes because Plaintiff, like all other members of the Classes, was (a) charged for a purchase that Plaintiff timely returned to Amazon or its affiliates; (b) received confirmation from Amazon and/or its affiliates of their timely receipt of the returned purchase; and then (c) were re-charged by Amazon, or never refunded in the first place, for the purchase solely on the incorrect ground that Amazon and/or its affiliates did not timely receive the returned purchase.  Plaintiff, like all members of the Classes, was damaged by Amazon's misconduct through suffering actual damages as a result of Amazon's improper recharges or failure to refund the purchases.  Amazon's misconduct

at issue is common to Plaintiff and all members of the Classes.  Plaintiff also has the same interest in this matter as all members of the Classes, as Plaintiff's claims arise out of the same set of facts and conduct as the claims of the other members of the Classes.

43.    **Adequacy**:  Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the members of the Classes he seeks to represent.  He has also retained competent counsel experienced in prosecuting class actions and intends to prosecute this action vigorously.   Accordingly, the interests of putative Classes will be fairly and adequately protected by Plaintiff and his counsel.

44.    **Superiority**:  The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the members of the putative Classes.  Each individual member of the putative Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to enjoin, and compensate for, Amazon's conduct.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court of the litigation against Amazon.

45.    Amazon has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

## GOVERNING LAW

46.    Amazon's Conditions of Use, applicable by its terms to the use of "any Amazon Service," requires that its customers "agree that applicable federal law, and the laws of the state of

Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon."[16]

47.     The State of Washington has a substantial relationship to the parties as it is Amazon's principal place of business, the location of its headquarters, and therefore the place from which Amazon's relationship with the members of the Classes is centered.

48.     The State of Washington has a sufficient aggregation of contacts with Amazon to create a justifiable state interest such that applying the law of the state is not arbitrary or fundamentally unfair.

### COUNT I
**Violation of the Washington Consumer Protection Act,**
**Wash. Rev. Code Ann. § 19.86.020 *et seq.***
(On behalf of the Nationwide Class or, in the alternative, on behalf
of the Nationwide Amazon Drop-Off Subclass)

49.     Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

50.     Plaintiff brings this claim individually and on behalf of the Nationwide Class or, in the alternative, on behalf of the Nationwide Amazon Drop-Off Subclass against Amazon.

51.     The WCPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Wash. Rev. Code § 19.86.020.

52.     At all relevant times, Amazon, Plaintiff and the members of the Classes were "persons" within the meaning of the WCPA. Wash. Rev. Code § 19.86.010(1).

53.     At all relevant times, Amazon represented that it would refund certain purchases that were timely returned to Amazon or a Designated Location and otherwise met the criteria for returns under the Returns Policies.  Plaintiff and the Classes timely returned the purchases at issue to

---

[16] *Available at*
https://www.amazon.com/gp/help/customer/display.html?nodeId=GLSBYFE9MGKKQXXM (last viewed Oct. 5, 2023).

Amazon or a Designated Location, as required by the Returns Policies and as directed by Amazon. Amazon then refused to refund the purchases, or re-charged customers for the purchases, on the incorrect ground that Amazon did not timely receive the returns, and despite Amazon and/or its affiliates having previously notified Plaintiff and the Classes that their purchases had been timely returned to Amazon or a Designated Location.

54. Amazon routinely failed to live up to its promise and instead re-charged its customers, or never provided a refund in the first place, for purchases that were timely returned to Amazon or a Designated Location.

55. Amazon knew that it routinely re-charged its customers, or did not provide refunds, for purchases that were timely returned to Amazon or a Designated Location, and otherwise met all other criteria for returns under the Returns Policies.

56. Amazon's records, and the records of its affiliates, contain the dates and times of Plaintiff and the Classes' timely returns of their purchases to Amazon or a Designated Location, as well as records of notifications sent to Plaintiff and the Classes (a) first confirming the timely return of the purchases to Amazon or a Designated Location; and then (b) later incorrectly claiming that the purchase were *not* timely to Amazon or a Designated Location.

57. Amazon's awareness of the issue is further demonstrated by its attempt on its website to rebut customer concerns regarding Amazon's failure to refund timely returns, as described herein.

58. Despite Amazon's knowledge of its own systemic failure to provide promised refunds for timely returned purchases that otherwise meet all other criteria under Amazon's Returns Policies, and its practice of routinely re-charging (or never refunding) its customers for purchases that were timely returned to Amazon or a Designated Location, Amazon continued (and continues) to represent to Plaintiff, the Classes and the general public that certain purchases can be returned for a full refund

if they are timely returned to Amazon or a Designated Location and otherwise meet all other criteria for returns under the Returns Policies.

59.     However, Amazon regularly did not, and does not, refund its customers' charges when they timely return purchases, or later re-charges customers for purchases they timely returned. Moreover, Amazon's primary method of affirmatively notifying its customers that timely returns were purportedly not received is through one of many emails sent by Amazon (which largely cannot be opted-out from), thereby lessening the likelihood that a customer will even notice they have been re-charged for something they already returned. Amazon has also acknowledged that it is difficult for its customers to discern the status of their returns, as detailed herein.

60.     These affirmative misrepresentations are likely to mislead a reasonable consumer and are unfair because, *inter alia*, they motivated consumers to purchase goods from Amazon with the expectation that Amazon would accept returns pursuant to its Returns Policies. The misrepresentations also hindered consumers from becoming aware of the improper re-charge (or lack of refund) in the first instance, thereby making it less likely that consumers would contact Amazon to request that it correct its errors (if the consumers had the time and energy to do so).

61.     Amazon willfully and purposefully engaged in deceptive and unfair acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts in connection with trade or commerce in violation of Wash. Rev. Code § 19.86.020, as described herein.

62.     Amazon's misrepresentations and omissions detailed herein constitute acts and/or practices in the conduct of trade or commerce.

63.     Amazon's misrepresentations and omissions detailed herein significantly impact the public interest because Amazon's acts (a) injured and are injuring other persons as alleged above; and (b) had and have the capacity to injure other persons.

64.     Amazon's misrepresentations and omissions detailed herein are unfair because they unjustly benefit Amazon at the expense of Plaintiff and the Classes.

65.     Amazon's misrepresentations and omissions detailed herein are further unfair because they offend public policy; are so oppressive that Plaintiff and the Classes have little alternative but to submit, and they cause consumers unjustified substantial injury.

66.     Plaintiff has suffered economic injury as a direct and proximate result of Amazon's conduct because Plaintiff was wrongfully re-charged the purchase price and applicable taxes for a purchase that was timely returned and otherwise met all other criteria for returns under the Returns Policies, thereby damaging Plaintiff in an amount equal to those charges and interest.

67.     As a direct and proximate result of the foregoing acts and practices, Amazon has received, or will receive, income, profits, and other benefits that it would not have received if it had not engaged in the violations described in this complaint.

## COUNT II
### Breach of Contract
(On behalf of the Nationwide Class or, in the alternative, on behalf of the Nationwide Amazon Drop-Off Subclass)

68.     Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

69.     Plaintiff brings this claim individually and on behalf of the Nationwide Class or, in the alternative, on behalf of the Nationwide Amazon Drop-Off Subclass against Amazon.

70.     Plaintiff and the Classes entered into binding contracts with Amazon, as described herein, to provide Plaintiff and the Classes with a full refund for any purchases that were timely returned to Amazon or a Designated Location and otherwise met all other criteria for returns under the Returns Policies.

71.     Plaintiff and the Classes timely returned the purchases at issue to Amazon or a Designated Location as required by the Returns Policies.  Amazon then refused to properly refund

certain of these purchases on the incorrect ground that Amazon or its affiliates did not timely receive the returns, even when Amazon and/or its affiliated had previously provided Plaintiff and the Classes an acknowledgment that the purchases had been timely returned.

72.     Amazon breached its duty under the terms of its contracts with Plaintiff and the Classes by failing to provide refunds for items that were timely returned to Amazon and otherwise met all other criteria for returns under the Returns Policies.

73.     Plaintiff has performed all of the terms of its agreements with Amazon except for those for which performance has been excused by Defendant's unlawful conduct.

74.     As a direct and proximate result of Amazon's breach of the agreements, Plaintiff and the Classes have suffered losses in an amount equal to the purchase price of the returns, any taxes or fees, including shipping fees, as well as interest.

### COUNT III
### Conversion
(On behalf of the Nationwide Class or, in the alternative, on behalf
of the Nationwide Amazon Drop-Off Subclass)

75.     Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

76.     Plaintiff brings this claim individually and on behalf of the Nationwide Class or, in the alternative, on behalf of the Nationwide Amazon Drop-Off Subclass against Amazon.

77.     Due to Amazon's actions referenced above, Amazon improperly re-charged monies that were required to be refunded to Plaintiff and the Classes, or never provided the refunds due, and therefore these monies collected by Amazon should be restored to Plaintiff and the Classes and refunded in full.

78.     As a result of Amazon improperly re-charging monies or not providing refunds as described herein, Amazon has taken monies that belong to Plaintiff and the Classes.

79.     The amount of monies wrongfully taken by Amazon is capable of identification.

80.     Plaintiff and the Classes never consented to Amazon's taking of these monies from their possession.

81.     Amazon wrongfully retained possession over these monies and/or the time-value of the monies.

82.     Plaintiff and the Classes have been damaged by Amazon's wrongful taking of these monies.

**COUNT IV**
**Money Had and Received**
(On behalf of the Nationwide Class or, in the alternative, on behalf
of the Nationwide Amazon Drop-Off Subclass)

83.     Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

84.     Plaintiff brings this claim individually and on behalf of the Nationwide Class or, in the alternative, on behalf of the Nationwide Amazon Drop-Off Subclass against Amazon.

85.     Amazon received monies from Plaintiff and members of the Classes in exchange for the purchased products at issue.

86.     Plaintiff and the members of the Classes timely returned the purchased products at issue to Amazon or a Designated Location, and otherwise met all other criteria for returns under the Returns Policies.  Plaintiff and the members of the Classes were therefore entitled to a refund of the monies paid under Amazon's Returns Policies.

87.     Despite Amazon confirming that Plaintiff and the members of the Classes timely returned the purchased products at issue to Amazon, Amazon did not refund the monies for the purchased products.

88.     It would offend equity and good conscience if Amazon is permitted to retain the monies.

## COUNT V
### Unjust Enrichment
(On behalf of the Nationwide Class or, in the alternative, on behalf
of the Nationwide Amazon Drop-Off Subclass)

89.     Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

90.     Plaintiff brings this claim individually and on behalf of the Nationwide Class or, in the alternative, on behalf of the Nationwide Amazon Drop-Off Subclass against Amazon.

91.     As alleged herein, Plaintiff and the members of the Classes conferred a benefit on Amazon in the form of monies paid for the purchased products at issue in reliance on Amazon's false representations and omissions with respect to its Returns Policies.

92.     Amazon voluntarily accepted and retained this benefit by accepting payment.

93.     Amazon has retained this benefit even though Plaintiff and the Classes have, as confirmed by Amazon, timely returned the purchased products at issue to Amazon or a Designated Location and otherwise met all other criteria for returns under the Returns Policies, entitling them to a full refund.

94.     It would be unjust and inequitable for Amazon to retain the benefit, and Amazon should be required to repay Plaintiff and the Members of the Classes the full value of the purchased products plus, any taxes or fees, including shipping fees, as well as interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Amazon, as follows:

a.      For an order certifying the putative Classes under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as set forth above;

b.      For an order naming Plaintiff as the representative of the putative Classes, and naming Plaintiff's attorneys as Class Counsel to represent the putative Classes;

c.     For an order finding in favor of Plaintiff and the putative Classes on all counts asserted herein;

d.     For actual damages;

e.     For statutory damages, including treble damages; in an amount to be determined by the Court and/or jury;

f.     For punitive and/or exemplary damages in an amount to be determined by the Court and/or jury;

g.     For all other damages allowed by law;

h.     For pre- and post-judgment interest on all amounts awarded to the extent the law allows;

i.     For injunctive relief as pleaded or as the Court may deem proper;

j.     For an order awarding Plaintiff and the putative Classes their reasonable attorneys' fees, expenses and costs of suit; and

k.     Any further relief that the Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Dated:  October 5, 2023

**GEORGE FELDMAN MCDONALD, PLLC**

By:     _/s/ Lori G. Feldman_   
     Lori G. Feldman (State Bar No. 29096)
102 Half Moon Bay Drive
Croton-on Hudson, New York 10520
Telephone: (917) 983-9321
Facsimile:  (888) 421-4173
E-mail: lfeldman@4-justice.com
         eservice@4-justice.com

**GEORGE FELDMAN MCDONALD, PLLC**
Michael Liskow (*pro hac vice forthcoming*)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (561) 232-6002
Facsimile: (888) 421-4173
E-mail: mliskow@4-justice.com
         eservice@4-justice.com

*Attorneys for Plaintiff*